# 95 DTA 126

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE ARECIBO Y UTUADO

OLGA PORTALATIN MORENO
Apelada

v.

HANES MENSWEAR, INC
Apelante

Núm. KLAN-95-00020

San Juan, Puerto Rico, a 15 de junio de 1995

Panel integrado por su presidente, Juez Arbona Lago
y los Jueces Salas Soler y Giménez Muñoz

Giménez Muñoz, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Mediante apelación interpuesta por la demandada, Hanes Menswear, Inc., se solicita que revoquemos la sentencia dictada por el Tribunal de Primera Instancia, Subsección de Distrito Sala de Camuy, del 17 de mayo de 1994, ordenando la reinstalación en el empleo, el pago de

salarios dejados de percibir y la suma de $15 mil como consecuencia de los daños y perjuicios que la demandante-apelada sufriera, Sra. Olga Portalatín.

# I

La demandante-apelada, Olga Portalatín, presentó querella el 2 de julio de 1992 y alegó que estuvo envuelta en un accidente automovilístico y su patrono, Hanes Menswear, Inc., violó la Ley de Protección Social para Accidentes de Automóviles, 9 L.P.R.A. sec. 2051, al no reservarle su empleo y ser despedida. Reclamó, además, daños y perjuicios sufridos como consecuencia del despido.

La demandada-apelante, Hanes, contestó la querella alegando que la querellante-apelada había violado el reglamento de ausencias al estar ausente en más de tres días consecutivos y que no procedían los daños y perjuicios, pues desconocía que la empleada hubiese estado incapacitada. Valga señalar que la determinación de que el despido fue injustificado es final y firme y que en esta etapa sólo consideraremos la violación a la ley de la A.C.A.A. y la acción por Daños y Perjuicios.

En lo que es pertinente, el Tribunal de Instancia, condenó a la demandada-apelante, a satisfacer a la apelada, Olga Portalatín, la suma de $15 mil por concepto de daños y perjuicios. Ordenó también su reinstalación y el pago de los salarios dejados de percibir. Señaló el Tribunal de Instancia que la señora Portalatín había estado envuelta en un accidente de tránsito el 5 de julio de 1991 y había recibido tratamiento de la Administración de Compensación por Accidentes de Automóviles (A.C.A.A.) *"por encontrarse no apta para el empleo"*. La señora Portalatín, concluyó el Tribunal de Instancia, recibió servicios de la A.C.A.A. para tratamiento por los daños sufridos en el accidente desde el 5 de julio al 27 de agosto de 1991, fecha en que fue dada de alta por estar apta para el empleo. Concluyó, además, que el 10 de julio, compareció la apelada a la fábrica Hanes donde le explicó a la supervisora lo ocurrídole, mostró una tarjeta de A. C. C.A. y certificados médicos luego de lo cual fue examinada por la enfermera de Hanes y quien determinó que ella no se encontraba capacitada para trabajar. La apelada recibió entonces instrucciones de no regresar al trabajo hasta que fuera dada de alta. El 22 de julio, la señora Portalatín llevó un segundo certificado médico a Hanes y fue informada que había sido despedida el 18 de julio de 1991, pues no se tenía evidencia de que ella hubiese estado en tratamiento con la A.C.A.A. El 27 de julio, la señora Portalatín presentó otros documentos a Hanes con el timbre de A.C.A.A., pero el patrono se reiteró en el despido.

Inconforme con la sentencia dictada, Hanes acude ante nos mediante apelación, en la cual plantea cinco errores:

*"1. Erró el Honorable Tribunal al concluir que la señora Portalatín estaba acogida a los beneficios de A.C.A.A. a pesar de no haberlo informado al Patrono.*

*2. Erró el Honorable Tribunal al concluir que la señora Portalatín fue despedida por estar acogida a los beneficios de A.C.A.A.*

*3. Erró el Honorable Tribunal al concluir que las notificaciones de A.C.A.A. del día 22 de julio de 1991, Verificación de Empleo del 30 de julio de 1991, Certificado Médico del 10 de julio de 1991, representa [sic] evidencia de que la Sra. Olga Portalatín estaba incapacitada para trabajar, a pesar de que las referidas notificaciones son con posterioridad al despido, el 18 de julio de 1991.*

*4. Erró, además, el Tribunal al determinar que la información verbal que la señora Portalatín suministró a la supervisora, enfermera y Gerente de Personal, acreditaba que estaba acogida a A.C.A.A. e incapacitada para trabajar.*

*5. Erró el Honorable Tribunal al otorgar una suma de dinero excesiva, quince mil dólares ($15,000), por concepto de Daños y Perjuicios, la cual es irrazonable y contraria a la prueba."*

Es oportuno señalar, de entrada, cuales son, según el mandato del legislador, algunos de los beneficios a que tiene derecho una persona envuelta en un accidente vehicular, 9 L.P.R.A. sec. 2054(3). Dispone esta sección que en los casos de incapacidad, cuando el lesionado estuviera empleado, el patrono vendrá obligado a reservar el empleo que desempeñaba y a reinstalarlo siempre que: a) el trabajador requiera al patrono que lo reponga dentro del término de 15 días, contados a partir de la fecha en que fue dado de alta y siempre que no se haga después de transcurrido seis meses desde la fecha del comienzo de la incapacidad; b) que el trabajador esté mental o físicamente capacitado en el momento en que lo solicite y; c) que dicho empleo subsista. *"Además, le responderá de todos los daños y perjuicios que le haya ocasionado"*. Sec. (3)(B), *supra*.

Incapacidad es definida en la sección 2052(9) como aquella que impida a la víctima en forma total y contínua dedicarse a cualquier empleo u ocupación. Esta definición incluye necesariamente la incapacidad transitoria.

La revisión de hechos del caso reflejan completa armonía con la mencionada disposición legal. La apelada reclamó al patrono, Hanes, su reposición los días 10, 22 y 27 de julio de 1991, encontrándose física y mentalmente capacitada cuando su empleo subsistía. Estas gestiones de reposición de la apelada fueron realizadas de modo diligente antes y después de ser despedida, pero dentro del término de seis meses de la fecha del accidente. Esta determinación, sostenida por la prueba, hace aplicable la doctrina establecida por nuestro Tribunal Supremo en *Santiago v. Kodak*, ___ D.P.R. ___ (1992), **92 J.T.S. 11.**

Como hemos visto, y de conformidad con lo dispuesto en la sección (3)(B)(a), el patrono Hanes tenía la obligación de reservar el empleo que desempeñaba la señora Portalatín al momento de comenzar su incapacidad y a reinstalarla siempre que ésta requiriere ser repuesta antes de 15 días a partir de la fecha en que fuera dada de alta, pero nunca más tarde de seis meses. Un hecho que no está en controversia es que la A.C.A.A. dio de alta a la señora Portalatín el 27 de agosto de 1991. A partir de esa fecha era que comenzaba el término de 15 días que dispone la ley para que reclamara su empleo. Así, la prueba demuestra que la apelada fue más que diligente al reclamar su empleo. Por ello, el patrono Hanes debió aceptar y analizar la prueba médica que se le presentare hasta seis meses desde la fecha del accidente, que fue el comienzo de la incapacidad, antes de declarar vacante la posición y despedir a la señora Portalatín.■ *Santiago v. Kodak, supra.*

En el caso de autos la apelante Hanes despidió a la señora Portalatín 13 días después del accidente y al así actuar lo hizo apresurada, injustificada e ilegalmente.

Es, además, diáfano que la apelante tuvo conocimiento de que la señora Portalatín había estado envuelta en un accidente de automóviles, de su condición incapacitante y del tratamiento recibido con la A.C.A.A. Una revisión de la prueba documental y testifical admitida hace forzosa nuestra conclusión de que así fue.■ Es de aplicación la trillada pero sabia norma de que, en ausencia de pasión, prejuicio, parcialidad o error manifiesto, las determinaciones de hechos de los tribunales inferiores merecen amplia deferencia. *Leyy v. Autoridad de Edificios Públicos*, ___ D.P.R. ___(1994), **94 J.T.S. 32.**

De conformidad con lo dispuesto en la sección 2054 de la Ley de Protección Social por Accidentes de Automóviles, 9 L.P.R.A. 2051 *et seq.*, es claro que procedía la reinstalación y el pago de los salarios dejados de devengar por la apelada. También es clara la procedencia de la compensación ordenada por concepto de daños y perjuicios del modo que fueran

valorados por el Tribunal de Instancia.█ El Tribunal Apelativo no intervendrá con la cuantía que se fijó en Instancia, a no ser que ésta sea exageradamente alta o ridículamente baja. *Rodríguez v. Padilla*, ___D.P.R. ___ (1990), **90 J.T.S. 23;** *Elba A.B. v. Universidad de Puerto Rico*, ___ D.P.R. ___ (1990), **90 J.T.S. 13.**

Por todo lo antes expuesto, se confirma la sentencia emitida por el Tribunal de Distrito.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María De La C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 126

**1.** La reclamación por Despido Injustificado fue aprobada por sentencia que fuera validada por el antiguo Tribunal Apelativo el 25 de junio de 1993, Núm. SCNE-93-0179.

**2.** Ello no quiere decir, sin embargo, que el trabajador que estando capacitado espere cinco meses y 29 días impropiamente para buscar ser reinstalado, deba pagársele los salarios durante ese término.

**3.** Algunos de los documentos que fueron admitidos en evidencia que así lo confirman fueron: (1) Tarjeta de Identificación de lesionado de la apelada, expedida por la A.C.A.A. haciendo referencia al accidente de 07/5/91; (2) Memorando interno de Hanes de 22 de julio de 1991, señalando que la apelada se personó a la supervisora el 10 de julio y presentaba el lado del cuerpo adormecido, por lo que fue ordenada obtener certificado médico dándole de alta; (3) Certificación de A.C.A.A. de 22 de julio de 1991, haciendo constar que la señora Portalatín sufrió en el mencionado accidente trauma en la cara, cabeza, espalda y piernas y se encuentra bajo tratamiento médico con diagnóstico de *"L-S Pain with Radicular to (Lt.) lower hip"*; (4) Informe Médico Adicional de la A.C.A.A. de 8/6/91, suscrito por el Dr. Canino, haciendo constar que estuvo incapacita desde 7/5/91 hasta 8/5/91; (5) Informe Médico Adicional de la A.C.A.A. de 8/9/91, suscrito por el Dr. M. Pietri, haciendo constar que la señora Portalatín estuvo incapacitada de 8/8/91 hasta 8/27/91 y (6) Certificación de A.C.A.A. de 18 de septiembre de 1991, que expresa que la apelada *"recibió beneficios de compensación semanal por incapacidad para trabajar desde 7/21/91 hasta 8/26/91"* y que fue dada de alta el 27 de agosto de 1991.

**4.** Están claramente presentes los requisitos esenciales de esta acción.